NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0080n.06
Filed: January 31, 2006

Nos. 04-4151/4509

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRYAN E. MCDONNELL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| CARDIOTHORACIC & VASCULAR | ) | STATES DISTRICT COURT FOR |
| SURGICAL ASSOCIATES, INC.; | ) | THE SOUTHERN DISTRICT OF |
| GENESIS HEALTHCARE SYSTEM; | ) | OHIO |
| CARDIOTHORACIC & VASCULAR | ) | |
| SURGICAL SPECIALISTS, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: GUY and GIBBONS, Circuit Judges; and EDMUNDS, District Judge.[*]

PER CURIAM. Plaintiff-appellant Dr. Bryan E. McDonnell sued Cardiothoracic &
Vascular Surgical Associates, Inc. ("CVSA") and its successor Cardiothoracic & Vascular Surgical
Specialists, Inc. ("CVSS") under Ohio law, alleging fraud, wrongful discharge in violation of public
policy, and breach of an employment agreement in connection with McDonnell's recruitment and
employment by CVSA to be the cardiothoracic surgeon at a Zanesville, Ohio hospital owned and
operated by Genesis Healthcare System ("Genesis"). McDonnell also sued Genesis under Ohio law
for fraud and tortious interference with McDonnell's contractual relationship with CVSA.

_____

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District
of Michigan, sitting by designation.

The district court denied McDonnell's partial motion for summary judgment on July 28, 2004, granted CVSA's and CVSS's joint motion for summary judgment in part on July 30, 2004, and granted Genesis's motion for summary judgment in part on August 3, 2004. The parties later stipulated to dismissal of the claims not disposed of by summary judgment. McDonnell now appeals the district court's grant of summary judgment as to the remaining claims.

We review the district court's order granting summary judgment de novo. *NILAC Int'l Mktg. Group v. Ameritech Svcs., Inc.*, 362 F.3d 354, 357 (6th Cir. 2004). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). We must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

McDonnell first alleges that both CVSA and Genesis withheld material information regarding the nature of his employment at the time when he signed his employment contract, thereby fraudulently inducing him to sign an employment contract with CVSA. The district court held that McDonnell failed to produce material evidence showing that CVSA or Genesis intended to deceive McDonnell when they neglected to inform him before he accepted CVSA's job offer that a Physician Recruiting Agreement ("PRA") would be required as a condition of his employment. In addition, it found that Genesis lacked any duty to disclose such information.

Second, McDonnell alleges that CVSA wrongfully (constructively) terminated him for his

later refusal to sign several agreements with CVSA and Genesis, including a PRA and promissory note. According to McDonnell, these agreements violated the Physician Self-Referral Law ("Stark Law"), 42 U.S.C. § 1395nn, the Medicare/Medicaid Anti-Kickback Law ("Anti-Kickback Law"), 42 U.S.C. § 1320a-7b(b), and Ohio common law. McDonnell alleges that he was constructively terminated as a result of his refusal to sign these purportedly illegal agreements, thereby making his constructive termination wrongful as against public policy. In addition, he alleges that his purported constructive termination by CVSA violated the terms of his employment contract. The district court determined that the PRA was legal under the Stark and Anti-Kickback laws, and that as a result, no clear public policy against CVSA's actions existed under Ohio law, and McDonnell's claim therefore failed as a matter of law. Similarly, the court noted that even if CVSA constructively terminated McDonnell, that termination did not violate the clear terms of the employment contract as a matter of law.

Finally, McDonnell claims that Genesis, by refusing to remit payment to CVSA according to an Exclusive Services Agreement between CVSA and Genesis without a signed PRA, tortiously interfered with McDonnell's contractual relationship with CVSA. The district court held that it would have been illegal under the Stark and Anti-Kickback Laws for Genesis to pay CVSA without the PRA. McDonnell presented "nothing but speculation" to counteract the evidence showing that Genesis refused to pay CVSA in order to avoid this illegality. As a result, McDonnell presented no genuine issue of material fact on this issue, and the district court granted summary judgment for Genesis on this issue.

After reviewing the record, the parties' briefs, and the applicable law, we determine that a

panel opinion further addressing the issues raised would serve no jurisprudential purpose.

Therefore, on the grounds identified by the district court, we affirm the district court's July 28, 2004

denial of summary judgment to McDonnell, its July 31, 2004 grant of summary judgment for CVSA

and CVSS, and its August 3, 2004 grant of summary judgment for Genesis.

**AFFIRMED.**